# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MR. DAMECHA HARRIS 92-A-1389,

|  |  |
|---|---|
| Plaintiff, | DECISION & ORDER |
| -vs- |  |
|  | 08-CV-6069-CJS |
| MS. C. LOVERDE, et al., |  |
| Defendants. |  |

## APPEARANCES

For Plaintiff:                          Damecha Harris, *pro se*
                                        92-A-1389
                                        Coxsackie Correctional Facility
                                        Post Office Box 999
                                        West Coxsackie, NY 12051-0999

For Defendants:                         Gary M. Levine, A.A.G.
                                        New York State Attorney General's Office
                                        144 Exchange Boulevard, Suite 200
                                        Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** Pending before this Court are three motions filed by Plaintiff: a motion for summary judgment (Doc. No. 20) filed on March 15, 2010; a motion for a default judgment (Doc. No. 21) filed on May 13, 2010; and a second motion for summary judgment (Doc. No. 30) filed on July 1, 2010. In addition, Defendants have filed a cross-motion for summary judgment (Doc. No. 25), which is also pending. For the reasons stated below, the Court grants Defendants' cross-motion, and denies Plaintiff's two motions as moot.

**BACKGROUND**

The Court issued a briefing schedule with regard to Plaintiff's first motion for summary judgment (Doc. No. 20), and another with regard to his motion for default judgment (Doc. No. 21). (Doc. No. 22.) The Court did not issue a scheduling order with regard to Plaintiff's second motion for summary judgment (Doc. No. 30). On July 6, 2010, the Court issued a briefing schedule for Defendants' cross-motion for summary judgment, setting a response date of July 23, 2010, and reply date of August 20, 2010. (Doc. No. 29.) Defendants' cross-motion included the notice required by local rule and case law. (Doc. No. 26 "Irby Notice.")

***Plaintiff's First Motion for Summary Judgment***

In his first motion for summary judgment, Plaintiff contends that he is entitled to judgment because, "the documents provided by the Defendants' attorney under 'Initial Discovery,' on or about August 31, 2009, clearly contradict the Defendants' responses of May 15, 2009, and Clearly support [sic] all of the allegations raised in the complaint." (Doc. No. 20, Harris Aff. ¶ 2.) Plaintiff contends that Defendants used "the pretext of a cell search for the sole purpose of confiscating and reading plaintiff's legal mail," in violation of his constitutional rights. (Id. ¶ 3.)

Defendants oppose this motion, arguing that Plaintiff failed to follow the requirements of W.D.N.Y. Local Rule of Civil Procedure 56.1 and that Plaintiff's assertion, that Defendants' Federal Rule of Civil Procedure 26 discovery and their answer support his motion, "is incorrect." (Doc. No. 25, Bove Decl., ¶ 7.)

***Plaintiff's Motion for Default Judgment***

Plaintiff moved for entry of a default judgment (Doc. No. 21) on May 13, 2010. Unfortunately, the motion is difficult to read owing to Plaintiff's handwriting. In his motion, Plaintiff asks for entry of judgment "against all three of the defendants…." (Doc. No. 21 at 1.) The basis for his request is his contention that Defendants,

> fail[ed] to comply with the Court exigent imposed [sic] order of 05-07-10, to file a[n] answer to the Plaintiff['s] Notice of Motion and Affirmation in support for summary judgment, which none of the defendants addressed or objected to the relief [illegible] within the time prescribed by law imposed by this court order….

(Doc. No. 21 at 1.) Defendants responded to this motion by stating:

> Plaintiff's Motion for Default must be denied as the Court has extended the deadline for filing dispositive Motions in this Action on February 16, 2010 to April 30, 2010 and on May 24, 2010 to June 30, 2001. Docket Numbers 15 and 23. In addition the deadline for defendant's Response to plaintiff's Motions has been set as June 30, 2010. Docket Number 24. Unless there is an explicit deadline in a scheduling Order, it is the practice of the Court to issue a scheduling Order setting the time frames for the opposing party's response. Defendants have complied with the Court's Orders. The scheduling order plaintiff is relying on was superseded by subsequent orders.

(Doc. No. 25, Bove Decl., ¶ 8.)

***Plaintiff's Second Motion for Summary Judgment***

On July 1, 2010, Plaintiff filed a second motion for summary judgment. (Doc. No. 30.) In that application, however, he simply opposed Defendants' request for an extension of time to respond to Plaintiff's original summary judgment motion and asked that the Court deny Defendants the opportunity to file papers in opposition to Plaintiff's original summary judgment motion. (Doc. No. 30 at 2–3.) He also repeated his argument from the original summary judgment motion: that Defendants' initial discovery provides

the basis for granting him judgment and that none of the defendants is entitled to qualified immunity. (*Id.* ¶¶ 5–6.) In particular, Plaintiff refers to what he identifies as "Defendants['] Declaration of title part of paragraph [sic] 2, 5, as stated below…." (*Id.* ¶ 8.) He then quotes the language as follows:

> There is only one claim remaining in this action in the complaint filed on February 15, 08 Docket # 1, to wit, that Plaintiff's legal mail was confiscated and read by defendants in November 2007 at Attica Corr. Facility and Defendants do not object to the Relief Requested in Plaintiff[']s motion, et al.

(*Id.*) Since Plaintiff did not specifically cite to the declaration from which he supposedly quoted this language, the Court has searched the declaration of Emil Bove, Assistant Attorney General (Doc. No. 25) and found the following language, which appears to track closely, but not exactly, the language Plaintiff quoted:

> Damecha Harris, 92-A-1389, commenced the instant Action on February 15, 2009 [sic]. In the claims in the Complaint dated December 31, 2007 remaining after the June 13, 2008 Order, plaintiff alleged that his right to access to the Courts was denied in November 2007 at Attica Correctional Facility when his legal mail was confiscated and read. Specifically, plaintiff claims defendants improperly read mail from his attorney. Docket Numbers 1 and 3.

(Doc. No. 25, Bove Decl., ¶ 2.) Mr. Bove's declaration also contains this language:

> The facts as to which there is no genuine issue demonstrate: (A) that the letter from plaintiff's attorney describing how the proceeds of a civil action that had been settled were distributed to other inmates was confiscated as evidence of misconduct from plaintiff's cell after it had been delivered to him; (B) the confiscation of the letter did not interfere with the type of case that might give rise to a claim for denial of access; (C) plaintiff did not suffer detriment to the case in question as a result of the interference; and (D) plaintiff did not exhaust his administrative remedies concerning this claim.

(*Id*. ¶ 5.)

**ANALYSIS**

Defendants are correct in their contention that Plaintiff did not comply with the local rule requiring a statement of facts in support of any motion seeking summary judgment. That rule, 56(a)(1), reads as follows:

(a) Statements of Facts on Motion for Summary Judgment.

> (1) Movant's Statement. Upon any motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, there shall be annexed to the notice of motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Plaintiff's failure to submit a statement of material facts with his summary judgment motions. (Doc. Nos. 20, 30), provides a ground for denying his applications. However, as discussed below, the Court, instead, dismisses Plaintiff's complaint, thereby rendering his pending motions moot.

Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added). With certain exceptions addressed below, such exhaustion of administrative remedies is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory.") (citation omitted). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages,

exhaustion is a prerequisite to suit." *Id*. The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. at 532. Generally in order to satisfy § 1997e(a), a plaintiff must use the DOCCS[1]'s inmate grievance procedures:

> To initiate the process, an inmate must file a written complaint with the Inmate Grievance Resolution Committee ("IGRC"), a facility committee composed of inmates and appointed staff members. *See* N.Y.C.R.R. § 701.4–.5. The complaint must "contain a concise, specific description of the problem and the action requested." N.Y.C.R.R. § 701.7(a)(1)(i) (1998) (now codified as amended at N.Y.C.R.R. § 701.5(a)(2) (2007)). Second, the inmate can appeal an unfavorable IGRC determination to the superintendent of the facility. See N.Y.C.R.R. § 701.7(b) (1998) (now codified as amended and renumbered at N.Y.C.R.R. § 701.5(c) (2007)). Finally, an inmate can appeal an unfavorable superintendent's determination to the Central Office Review Committee ("CORC"). See N.Y.C.R.R. § 701.7(c) (1998) (now codified as amended and renumbered at N.Y.C.R.R. § 701.5(d) (2007)); Directive No. 4040.

*Amador v. Andrews*, No. 08-2079-pr, --- F.3d ---, 2011 WL 3629717 at *4 (2d Cir. 2011).

Plaintiff states in his Response to Defendants' Cross-Motion (Doc. No. 32) that he filed a grievance (Ex. A). However, there is no record of his filing. He alleges that if there is no record of it, then the grievance committee must have misplaced it. (*Id*. at 2). However, Plaintiff took no further action to continue pursuing his administrative remedies prior to filing this action. Where an inmate fails to exhaust his administrative remedies in accordance with prescribed prison procedures, the following three-part

---

[1]The department has changed it name following a merger with the Division of Parole. The department is now known as the New York State Department of Corrections and Community Supervision.

inquiry is appropriate:

> The Court must ask whether administrative remedies were in fact available to the prisoner. The Court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the Court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the Court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

*Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (citations and internal quotation marks omitted); *See also*, *Brownell v. Krom*, 446 F.3d 305, 311 (2d Cir. 2006).The United States Supreme Court decided in *Woodford v. Ngo*, 548 U.S. 81 (2006) the question of whether "a prisoner can satisfy the [PLRA's] exhaustion requirement, 42 U.S.C. § 1997e(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 83–84. There, the Supreme Court held that the PLRA requires "proper exhaustion," which "means using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. at 90 (internal quotations omitted); *see also Ruggiero v. County of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) (interpreting *Woodford* as holding that PLRA exhaustion mandates "compliance with an agency's deadlines and other critical procedural rules") (quoting *Woodford v. Ngo*, 548 U.S. at 90).

Here, reviewing the three-part inquiry directed d by *Hemphill*, the Court finds that Plaintiff has failed to exhaust his administrative remedies. First, Plaintiff had

administrative remedies available to him. Second, Defendants raised the exhaustion defense in their answers, as well as in the cross-motion for summary judgement, and there is no evidence that they took any action to inhibit Plaintiff's exhaustion of remedies. Finally, the Court finds no special circumstances in this case to justify Plaintiff's failure to comply with the procedural requirements. In that regard, Plaintiff's statement that "they [the grievance committee] misplaced it" does not present a reasonable excuse or a special circumstance. (Doc. No. 32). The Court finds the "copy" of the grievance (*Id*. at Ex. A) unreliable as it was not produced with the Complaint, not notarized, and there is no record of it having been filed. Additionally, Plaintiff failed to follow-up his filed complaint pursuant to the the procedure set out in the DOCCS Directive and required by the PLRA. Consequently, DOCCS was not allowed to address his claim on its merits. Therefore, Plaintiff was not justified in failing to exhaust his administrative remedies prior to filing his § 1983 claim, and his claim must be dismissed without prejudice.

## CONCLUSION

For the reasons discussed above, Plaintiff's motions (Doc. Nos. 20, 21, 30) are denied, Defendants' cross-motion for summary judgement is granted (Doc. No. 25), and Plaintiff's complaint (Doc. No. 1) is dismissed without prejudice.

IT IS SO ORDERED.

Dated:   October 26, 2011
         Rochester, New York

                    ENTER:              /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge